(10 Misc. Rep. 43.)

## LYONS v. MILLER.

(City Court of New York, General Term.    October 23, 1894.)

PLEADING—VARIANCE.
    Where a surrender and acceptance of demised premises in September is alleged, evidence of a surrender and acceptance in August is not admissible.

Appeal from trial term.

Action by Harris Lyons against Julius Miller.    There was a judgment in favor of plaintiff, and defendant appeals.    Affirmed.

Argued before FITZSIMONS and NEWBURGER, JJ.

H. Joseph, for plaintiff.

A. H. Berrick, for defendant.

FITZSIMONS, J.    The answer alleges that in the month of September, 1893, the defendant surrendered and the plaintiff accepted the demised premises.    This allegation the defendant's proof entirely failed to sustain.    Testimony tending to show an acceptance and surrender in August was properly excluded.    The proof must follow the allegation; otherwise it is inadmissible.    The judgment must be affirmed, with costs.

---

(10 Misc. Rep. 42.)

## McCABE v. KASTENS.

(City Court of New York, General Term.    October 23, 1894.)

NEGLIGENCE—DANGEROUS PREMISES—KNOWLEDGE OF OWNER.
    The owner of premises is not liable for injuries caused by the defective condition thereof unless he knew of such condition, or it had existed for a reasonable length of time.

Appeal from trial term.

Action by Bridget McCabe against Frederick H. Kastens to recover damages for personal injuries.    The complaint was dismissed, and plaintiff appeals.    Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS, J.

J. A. O'Gorman, for appellant.

C. F. Holm, for appellee.

FITZSIMONS, J.    The testimony submitted by the plaintiff fails to establish that the defendant kept his premises in a dangerous condition.    The plaintiff's own testimony shows that the way was only worn and ragged.    She saw its condition, and apparently deemed it safe to travel over.    If her judgment was wrong, and she was injured thereby, she has only herself to blame.    Besides, it is necessary for the plaintiff, in cases of this kind, to show that the landlord had actual notice of the dangerous condition of his premises, or that the dangerous condition existed for a reasonable length of time.    This her testimony failed to show; therefore the complaint was properly dismissed.