(11 Misc. Rep. 272.)

## McCABE v. KASTENS.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

NEGLIGENCE—DANGEROUS PREMISES—KNOWLEDGE OF OWNER.

In an action for personal injuries caused by tripping on a mat in the hall of an apartment house owned by defendant, it appeared from plaintiff's testimony that she did not regard the mat as dangerous before the accident, though she was constantly passing over it. A witness called by plaintiff testified to the same effect. *Held*, that defendant was not chargeable with knowledge of the defective condition of the mat. 30 N. Y. Supp. 832, affirmed.

Appeal from city court, general term.

Action by Bridget McCabe against Frederick H. Kastens to recover damages for personal injuries. From a judgment of the city court (30 N. Y. S. 832) affirming a judgment entered on the dismissal of the complaint, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

James A. O'Gorman, for appellant.
Holm & Tabor, for respondent.

BOOKSTAVER, J. This action was brought by a tenant to recover damages of her landlord for injuries sustained in consequence of tripping on a mat placed by him in the rear hall of his house, which was practically a tenement, as it was occupied by a number of different families, all of whom had access to the hallways in common. From the testimony it appears that there were three mats in that hall; that sometime before the janitress of the building had tripped on one, and sustained an injury, and that in consequence she complained to the landlord, and asked him for new mats to cover the hall. He furnished one new one, which was placed in front, and the one taken from the front was placed in the rear. This mat, the plaintiff herself testified, had no holes in it, but was old and ragged at one end, but that she did not think it was dangerous. In fact, the chief objection to the old mats, before plaintiff's accident, was, as she herself testified, that they were dirty. Another of plaintiff's witnesses testified that he had been living in the same premises for

10 years, and for 4 had had charge of the house; that on the day of the accident he saw the mat in question in the hallway; that he had passed over it, in going in and out of the hall, and there was no hole in it.

It is a well-established rule of law that, before a landlord can be held liable in a case of this character, the burden rests upon the plaintiff to establish by affirmative evidence the landlord's negligence. To do this it is necessary for the plaintiff to establish two facts: (1) That the mat was defective and dangerous; and (2) that the landlord had actual notice of its condition, or that it had been in such dangerous condition for such a length of time as to permit the jury to infer notice. In Alperin v. Earle, 55 Hun, 212, 8 N. Y. Supp. 51, it is said:

"The landlord is responsible for injuries to his tenants resulting from the dangerous condition of those parts of the building which he reserves for the common use, and over which he retains control, but only when he has been guilty of actual negligence with regard thereto. To bring him within this rule, it must appear, as was said in Henkel v. Murr, 31 Hun, 30, that with some notice of the condition of things, such as an unreasonable omission to ascertain the condition, he had failed to make the necessary repairs or changes called for by the condition or exigency."

We think that the plaintiff failed to establish either of these essential facts. The plaintiff herself testified that she did not regard the mat as dangerous, although she was constantly passing over it, and had a far better opportunity for knowing its condition than the landlord could possibly have had. Uhlig, plaintiff's witness, also passed over the mat daily, and did not think it dangerous. It would be unreasonable and illogical to contend that under such circumstances the landlord was bound to know that the mat was in fact dangerous. The landlord, in such cases, is not an insurer of his tenants against all loss or injury, but is required to exercise only reasonable care and caution, and can be required to exercise no more caution on his part than the tenants should exercise on theirs. While it is quite true that, if the plaintiff knew of the dangerous condition of the mat, such knowledge did not impose upon her the obligation of refraining from walking over it in a careful manner, yet the fact that she did not regard it as dangerous herself, although using it constantly, is very strong evidence that the landlord, in the exercise of ordinary caution, would not have discovered its dangerous condition; and, if it was not discoverable by ordinary care, it follows, as a matter of necessity, that the jury would have had no right to infer that it had been dangerous for such a length of time as to give him notice of its dangerous condition, and there is no proof of actual notice in the case. The question of defendant's negligence was to be determined by what was known before and at the time of the accident, and not what could be inferred from the accident itself. Dougan v. Transportation Co., 56 N. Y. 1. The trial judge, therefore, was entirely justified in dismissing the complaint as he did; and the judgment of the general term of the city court, affirming such judgment, was correct, and should be affirmed, with costs. All concur.