(1 App. Div. 56.)

KUECHENMEISTER v. BROWN et al.

(Supreme Court, Appellate Division, First Department. January 24, 1896.)

NEGLIGENCE—DANGEROUS PREMISES—WHEN NEGLIGENCE PRESUMED.

In an action for personal injuries caused by falling into an open coal hole in the sidewalk in front of premises occupied by defendant, plaintiff introduced only the testimony of herself and defendant. She testified that, while walking along the sidewalk in the evening, she fell into the coal hole, while defendant testified that, on an examination made a few minutes after the accident, he found the cover to the coal hole in place, and securely fastened in the usual manner from the vault below. *Held*, that it was error to refuse to submit the evidence to the jury, who, if they found plaintiff's testimony to be true, would have been justified in inferring negligence on the part of defendant, or those for whose acts he was responsible.

Action by Johanna Kuechenmeister against Vernon H. Brown, as tenant of house No. 202 West Forty-Fourth street, in the city of New York, and John Jacob Astor, executor of William B. Astor, as owner of said premises, for personal injuries. A judgment of the trial term of the court of common pleas, in which the action was brought, dismissing the complaint, was affirmed by the general term of that court. 34 N. Y. Supp. 180. Afterwards a motion for a reargument was granted (35 N. Y. Supp. 1110, mem.), and the reargument now comes on for hearing in the appellate division of the supreme court, pursuant to Const. 1895, art. 6, § 2. Reversed.

The case was tried before the court and a jury. At the close of the plaintiff's evidence, the court dismissed the complaint. The action was brought to recover damages for personal injuries, and was sought to be maintained upon two grounds,—the maintenance of a nuisance and negligence. The plaintiff testified on the trial that on the 22d day of January, 1892, about 8 o'clock at night, it being dark and snowing, while walking upon the sidewalk in front of the premises occupied by the defendant she stepped upon the cover of the coal hole; it flew away, and she fell down into the hole as far as her knees, and, in falling, received the injuries complained of; that the cover was lying by the hole, and the hole was all open. She then called the defendant as a witness, and he testified that he was the occupant of the premises, and had been for a year before the accident; that there was a connection from the sidewalk to the cellar of the house; that he used the cellar for coal, and the coal hole to put the coal in the cellar; that the coal-hole cover, and the means of securing the same, were all in perfect condition at and prior to the accident, and, if the cover was properly secured in its place, it would be impossible for any one to fall into the hole. He also testified that he examined the coal hole immediately after the accident occurred, and found the cover properly secured in its place. No other witnesses were sworn, and upon this evidence the decision of the court was made.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

Edward Grosse, for appellant.

Ira D. Warren, for respondents.

WILLIAMS, J. The trial court erred in taking the case from the jury and dismissing the complaint. The question of the defendant's negligence should have been submitted to the jury. It is not necessary to determine whether the coal hole in the sidewalk was a nuisance, so as to render defendant liable for any damages resulting

from its maintenance, regardless of the question of negligence. It is evident that no accident would have occurred, in the absence of negligence in keeping the cover properly secured. No one would have fallen into the hole, so long as the cover was kept in its place by the appliances provided for that purpose. The case may therefore be treated purely as one of negligence, and in this view the question of the defendant's negligence was clearly for the jury. If the cover was unsecured and out of its place, and the plaintiff fell into the hole, as she testified she did, then, certainly, the defendant may be charged with negligence. It was his duty to keep the cover safely secured in its place, and if, through his own carelessness, or that of his agents or servants, it was left unsecured, and the hole unprotected, then he was guilty of negligence. The appliances for securing the cover were below the walk, in the premises of the defendant; and the inference might well have been drawn by the jury that the condition of the hole and cover at the time of the accident was due to the act or neglect of the defendant, or his agents or servants. Whether the hole was uncovered, and the plaintiff fell into it, as she testified on the trial, was a disputed question of fact, and should have been submitted to the jury. If the jury credited the plaintiff's evidence, the inference might well have been drawn that the defendant was guilty of negligence which caused the accident and injury to the plaintiff. The judgment should be reversed, and a new trial ordered; costs to the appellant to abide event. All concur.