### BRADY v. SHEPARD.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

NEGLIGENCE—USE OF BUILDINGS—UNCOVERED COAL HOLES.

> The owner of a building is not liable for injuries to a pedestrian caused by falling into a coal hole in the sidewalk while the cover was removed, where the cover was so constructed that it could be removed only by design, and where such owner did not know, nor ought she to have known, of the removal of the cover, by a coal dealer delivering coal to a tenant, until after the accident.

Appeal from trial term, New York county.

Action by Susan Brady against Margaret L. V. Shepard, impleaded with another. From a judgment for plaintiff and from an order denying a new trial, defendant Shepard appeals. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

William Irwin, for appellant.
David McClure, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. The plaintiff had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, the defendant Shepard has appealed.

The complaint, among other things, charged that the defendant Shepard, at the time the plaintiff was injured, was the owner and in possession of a building situate a little south of Fulton street, on the westerly side of Broadway, in the city of New York, and that in the sidewalk in front of the building was a coal hole, which opened into

a vault underneath; that on the 12th of December, 1895, the New Jersey Trucking Company, with the knowledge and consent of the defendant Shepard, was engaged in the delivery of coal at the building, and while so engaged wrongfully and negligently permitted the coal hole to be uncovered, unprotected, and unguarded; and that the plaintiff, without any fault on her part, while lawfully passing along the street, fell into the same and was injured. The defendant Shepard, by her answer, denied all of the material allegations of the complaint, except those relating to the location and ownership of the building. Upon the issues thus formed, the parties went to trial, and it was there made to appear that on the 5th of August, 1895, the Manhattan Coal Company entered into a written contract with the Mail & Express Publishing Company, a tenant in the building referred to, to supply the necessary coal for heating it for a period of one year; that there was a vault underneath the sidewalk, into which the coal was put through an opening in the sidewalk, which opening was 34 inches long and 33 inches wide; that this opening, when not in use, was covered by an iron grate or cover, which weighed 240 pounds, and so constructed that it lay firmly in its bed, and could not be removed or displaced, except by the application of some force sufficient to raise that weight; that, in pursuance of the contract, the Manhattan Coal Company, on the 12th of December, 1895, employed the New Jersey Trucking Company to deliver a load of coal to the defendant's building, and that a person in charge of a cart of that company arrived at the building with a load of coal shortly after 7 o'clock in the evening. It was also made to appear that when the driver of the cart reached the building he found it closed, but an employé of the Mail & Express Company then in the building, hearing him at the front door, opened it, and the driver entered the house, and gave to the person in charge of the engine in the building, who happened at that time to be passing through the hall, a ticket showing that the Manhattan Company had delivered one load of coal. The driver of the cart then, or immediately preceding, removed the cover from the coal hole in the sidewalk, and while it was thus removed the plaintiff, in passing along, stepped into it, and was injured.

It did not appear that the defendant Shepard knew, or had any reason to believe, that coal was to be delivered at that time, and no notice in fact was given to her or any of her employés that such delivery was to be made. No evidence was given showing, or tending to show, that the coal hole was illegally or improperly constructed, and the trial court, in submitting the case to the jury, charged that:

"There is no evidence in the case that the coal hole was improperly constructed, and the evidence does show that the defendant Shepard had no knowledge or notice that the coal would be delivered at this time, and there is no evidence that the employés of the defendant Shepard knew that the coal was to be delivered at that time, and there is no evidence showing that the cover of the coal vault was removed with the consent or with the knowledge of Mrs. Shepard."

Under such a state of facts, we are unable to see how the defendant Shepard can be held liable to respond in damages for the injuries sustained by the plaintiff. The plaintiff's right to recover was predi-

cated upon the defendant's negligence in permitting the coal hole to be uncovered, unprotected, and unguarded, but there is no evidence that she ever consented to or had any knowledge, until subsequent to the accident, of the removal of the cover. As owner of the building, she was undoubtedly under a legal obligation to see to it that this opening was kept in a safe condition, so that a person lawfully passing along the sidewalk would not sustain injury by reason of it; but the cover was so constructed and arranged that it would be securely held in its place, and so that it could not be removed except by design, and this was all that she was required to do. She was not bound to guard against its unauthorized removal. She could not be held liable for its removal, unless she knew, or ought to have known, of it. Daniels v. Potter, 4 Carr & P. 262; Congreve v. Morgan, 18 N. Y. 84. This the testimony failed to show, and for that reason the defendant's motions to dismiss the complaint should have been granted.

Certain ordinances of the city of New York were introduced in evidence, but they are not applicable to the question here presented. It is not claimed that the opening in the sidewalk was a nuisance. The complaint does not so charge, and the action was not tried on that theory. It must, therefore, be assumed that it was lawfully constructed in the first instance, and, it appearing that the cover provided was sufficient for the purpose intended, the defendant cannot be held liable for its removal, of which she did not know and to which she in no way consented. She could just as well be held liable if a portion of the sidewalk were removed during the night, without her knowledge or consent, as for the removal of this cover, under the facts and circumstances presented.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.