<hr />

SANFORD v. WHITE.

(Circuit Court of Appeals, Second Circuit. January 30, 1907.)

No. 85.

1. MUNICIPAL CORPORATIONS—INJURY FROM OBSTRUCTION OF USE OF STREET BY
LICENSEE—GROUND OF LIABILITY.
    One who places an obstruction in a public street by special authority
    from the proper municipal officers cannot be held liable in trespass for an
    injury resulting to one using the street on the ground that such obstruction
    was a nuisance, but only on the ground of negligence in failing to exercise
    proper care for the protection of the public.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Cor-
    porations, §§ 1688, 1691.]

2. JUDGMENT—SETTING ASIDE IN EQUITY—MISCONDUCT OF ATTORNEY.
    Evidence considered, and held to sustain a decree of a court of equity
    refusing to set aside a judgment in an action at law on the ground of the
    alleged misconduct of complainant's attorney therein, where it not only
    wholly failed to sustain the claim made of fraud or collusion on the part
    of such attorney, but tended to show that his conduct of the case was prop-
    er and for the best interest of his client.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 836–
    840, 895.]

Appeal from the Circuit Court of the United States for the Southern
District of New York.

The decree of the Circuit Court for the Southern District of New York dismissed a bill to review and set aside a judgment entered on the verdict of a jury in favor of defendant. The original opinion of the court below is reported in 132 Fed. 531. On rehearing, however, the court (Ray, District Judge) overruled its original holding, as follows:

This action in equity was brought to set aside a judgment in favor of the defendant in an action at law between the same parties, alleged to have been procured because of the fraud and collusive conduct of the plaintiff's attorney. On the trial I held that to maintain it the plaintiff must have established by evidence (1) that he had a good cause of action in the action at law between the same parties; and (2) that he must have lost such right by the fraud and collusive conduct of his attorney, one T. In other words, the record in this action must show that in the action at law plaintiff had a right of action against defendant; and, second, that he lost such right by the wrong, not negligence or ignorance, of his attorney. I also held that the evidence established such right of action and such fraudulent and collusive conduct.

The finding of fraud and collusion was necessarily based on the conduct of the attorney with reference to the case, assuming that the plaintiff had a cause of action, and that the facts known to such attorney were as assumed by the court. In that action at law the plaintiff alleged and was bound to show that the defendant was a trespasser in the public streets of the city of Pawtucket, R. I., and as such had created a nuisance therein which caused damage to the plaintiff Sanford. The question was litigated and submitted to the jury whether or not defendant had occupied Lonsdale avenue at a point where he had no right to be. The jury found for the defendant. The question was also litigated and submitted to the jury as to whether defendant went into Mineral Springs avenue and created an obstruction at a point where he had no right to be. The jury found for the defendant. In that action the plaintiff's attorney made a stipulation which was read to the jury, and which was not warranted if the facts were as found by the court mistakenly as now appears.

I assumed from certain statements made on the argument of this case, and such assumption was based either on an error of counsel in stating the facts, or on an error of the court in making his memorandum thereof, that the record shows that on the evening of the accident when plaintiff received his injuries the guy ropes in question were left after work had ceased in the public street, it might be at a place where defendant had no right to be, unlighted and entirely unguarded, in which case they would constitute a dangerous obstruction and a nuisance, and in which case the defendant would have been a trespasser. I also held that he might have been a trespasser if in Mineral Springs avenue he erected the guy ropes in question along where work was in progress during the day, and left them unguarded and unlighted after dark and after work had ceased for the day with the street left open to public travel. On the suggestion that the court had based its decision herein, setting aside the judgment in the action at law and granting a new trial, on a statement of facts not appearing in the record, and in fact contrary to the facts of the case, a reargument was granted herein by consent.

On the reargument it was conceded by the plaintiff here that the guy ropes in question (the obstruction or nuisance) were not stretched across or into Lonsdale avenue south of Mineral Springs avenue, and that the record in the trial of the action at law shows that the defendant placed a guard over the guy ropes in question as erected on Mineral Springs avenue and that work had not ceased for the day when the accident occurred. Also that the accident to plaintiff occurred because the guard or watchman placed over the guy ropes to warn travelers had (without fault of defendant shown) temporarily left his place and neglected to do his duty. These being the facts of the case, defendant White was not a trespasser, and the plaintiff had no cause of action in his action at law. An action for negligence could not be maintained because of the statute of limitations. Hence the conduct of the

attorney could not have affected the result. That conduct, while not in all things approved even as the case stands, was not fraudulent or collusive in the legal sense, and in any event is not shown to have caused harm to the plaintiff. The record as it stands, leaving out the concession referred to, fails to show that plaintiff had a cause of action in trespass, and hence the conduct of the attorney is not shown to have caused the loss of any right of action alleged in the complaint.

There must be a decree for the defendant dismissing the complaint, but under all the circumstances without costs to either party.

Albert Bach, for appellant.

Thos. L. Hughes, William M. Parke, and Sheehan & Collin, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The assignments of error challenge the action of the court below in determining that the conduct of plaintiff's attorney in the action at law was not fraudulent or collusive in a legal sense, and did not damage plaintiff.

The material facts may be summarized as follows: The defendant, as contractor, was engaged on December 3, 1891, in constructing an electric railway in the city of Pawtucket, R. I., on Lonsdale and Mineral Spring avenues, and at their intersection, under a general authority from the city. In the course of the work defendant stretched a guy rope from the center of Mineral Spring avenue to a point on Lonsdale avenue in such a way as to obstruct travel, and had placed a watchman there to warn travelers of the presence of the rope. On the evening of said day, and after dark, and while the watchman was absent, complainant, driving along Lonsdale avenue, ran into said rope, and claims to have been seriously injured. He originally brought an action against the city of Pawtucket, but the court held that the city was not liable because it had not had proper notice of the existence of said obstruction. He then brought an action against the Pawtucket Street Railroad Company, but was defeated, on the ground that under its contract with this defendant he became an independent contractor to construct said trolley line. Thereafter this complainant retained Alexander Thain, a member of the bar of the state of New York, to bring an action in New York against the defendant, and said action was brought in October, 1897; the complaint alleging, inter alia, that defendant created said obstruction wrongfully, and without lawful or any authority. Defendant set up as a defense the three-year statute of limitations, on the ground that the action was founded on the negligence of defendant. Counsel for plaintiff demurred to said defense, and the court sustained the demurrer, without prejudice to the right of the defendant, "from again pleading or insisting upon the said statute of limitations, should the plaintiff hereafter claim at any time that the injuries of which he complains were the result of the negligence of the defendant." Threafter the cause came on and was tried to the jury, under the claim that defendant was a trespasser by reason of having so stretched his rope beyond the point where he was authorized to obstruct the street that he had created a nuisance. A verdict was rendered, and judgment was entered thereon, for defendant.

Complainant contends that said verdict and judgment were the direct result of the fraudulent and collusive conduct of his said attorney, Thain, in the following particulars, namely:

"First. Refusing to co-operate with complainant's attorney in Rhode Island. Second. Refusing to introduce in the trial at law vital, material, and indispensable evidence to sustain complainant's cause of action, which evidence was ready and at hand for said Thain to introduce. Third. Entering into a stipulation with defendant's counsel, by which proof necessary to defendant to maintain his defense was waived, and making admissions fatal to complainant's right of recovery. Fourth. Discrediting before the judge and jury at the trial of said action at law of complainant's most important witness by putting a false construction on said witness' testimony, and by failing to explain, or ask said witness to explain, away an apparent, but not an actual, contradiction between his testimony given at the trial of said action at law, and the testimony of said witness at the trial of the action against the city of Pawtucket. Fifth. Failing to sum up before the jury at the trial of said action at law, and thus to remove from the minds of the jury, the bad effect of any apparent contradiction in the testimony of complainant's chief witness Sixth. Failing to move for a new trial either at the close of the trial of said action at law, or at any time subsequent thereto, although agreeing with the complainant so to do, and allowing the time within which a motion for a new trial could properly be made to expire, and preventing by false statements to the complainant's attorney in fact, the employment of other attorneys to make a motion for a new trial within the time allowed."

As to the first point: It appears that there was never any understanding or agreement with Thain that Jackson was to be associated as counsel in the trial of the cause, and that Thain told C. P. Sanford, the plaintiff's son, who had charge of the case, that he could get along without Jackson, and that plaintiff's son asked him to write Jackson to that effect. It further appears that said Thain was a practising lawyer of 35 years' experience, and no reason is suggested why he was not competent to conduct such an ordinary personal injury case.

As to the second point: The witness not introduced was one Goodwin. But there is nothing except an affidavit to show what Goodwin would have testified to, and, even if Goodwin had testified to the facts as stated therein, it does not appear that such testimony would have tended to establish any fact not otherwise sufficiently proved in the action at law. At most, it would only have shown that at several times during the afternoon of the accident, and at the time of the accident, no one was present to give warning to passengers of the presence of the rope. That the defendant had placed a man there to give such warning, and that he was not present at the time of the accident, appears to have been proved by other evidence. The court, in its second opinion, finds as follows:

"On the reargument it was conceded by the plaintiff here that the guy ropes in question (the obstruction or nuisance) were not stretched across or into Lonsdale avenue south of Mineral Springs avenue, and that the record in the trial of the action at law shows that the defendant placed a guard over the guy ropes in question as erected on Mineral Springs avenue, and that work had not ceased for the day when the accident occurred; also, that the accident to plaintiff occurred because the guard or watchman placed over the guy ropes to warn travelers had (without fault of defendant shown) temporarily left his place and neglected to do his duty."

The claim that no such concessions were made will be considered later.

As to the fourth point: This contention is directly disproved by the testimony of the witness Charles P. Sanford, and further by the fact shown by the record that said Sanford was in court when the statement of counsel now objected to was made, and did not dissent. In the view which we take of this case, any attempt to reconcile the testimony would have been fatal to plaintiff's action of trespass.

As to the fifth point: It would appear from the record that the failure of counsel for plaintiff to sum up to the jury was a wise and prudent course. The defendant introduced no witnesses, and each side agreed to go to the jury on the charge of the court. By this means the claim of the liability of defendant, on the theory that the accident happened beyond the limits of Mineral Spring avenue, was sent to the jury without any comment on the part of defendant on the claimed contradiction in the testimony of Charles P. Sanford as to the place of the accident.

The foregoing considerations dispose of the sixth point.

The contention upon the third point, the one chiefly pressed upon our attention on the argument of this appeal, relates to the stipulation entered into by the parties, which was as follows:

"Whereas, the plaintiff in the above entitled action complains of an injury which he received on the 3rd day of December, 1891, on Lonsdale and Mineral Spring Avenue, in the town of Pawtucket, Rhode Island, by reason of a certain guy rope, tower and other appliances being placed in said avenue; and whereas, the parties hereto desire to facilitate the proof that such guy rope, tower and other appliances were in every particular proper and necessary for the overhead trolley construction work to be performed at that place and that they were used in the proper manner; therefore, it is hereby stipulated by and between the parties to the above entitled action: (1) That said tower, guy rope and other appliances were the same as were generally in use on the 3rd day of December, 1891, for that kind of work. (2) That the method in which the work was performed was the usual and customary way of doing that kind of work. (3) That there were no other methods or appliances for doing that kind of work in use on the 3rd day of December, 1891. (4) That the said guy rope was maintained in position across said avenue no longer than was necessary in the erection of the poles and wires of said railroad. (5) That this stipulation may be read in as evidence on the trial of the above entitled action as full proof of the matter set forth in paragraphs numbers 1, 2, 3, and 4 as above."

It is strenuously contended that by this stipulation every issue was narrowed to the single question as to whether the accident occurred within or beyond the limits of Mineral Spring avenue. And complainant contends that, otherwise, he might have obtained a verdict for a trespass, irrespective of the question as to the location of the obstruction, because it was a nuisance wherever placed. We are of the opinion that this contention is not supported by the authorities.

As both counsel cite Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398, as containing a correct statement of the rule of law in such cases, a single quotation therefrom will be sufficient to dispose of this contention. There the court says as follows:

"The law holds those who impair the safety of a public street to a strict liability. Thus, in Congreve v. Smith, 18 N. Y. 79, it was said that 'persons

who, without special authority, make or continue a covered excavation in a public street or highway for a private purpose, should be responsible for all injuries to individuals resulting from the street or highway being thereby less safe for its appropriate use. * * * The general doctrine is that the public are entitled to the street or highway in the condition in which they placed it, and whoever, without special authority, materially obstructs it, or renders its use hazardous by doing anything upon, above or below the surface, is guilty of a nuisance. * * * No question of negligence can arise; the act being wrongful.' * * * Assuming, however, the rule to be as stated in the Congreve Cases, supra, when the excavation is made without authority (Clifford v. Dam, 81 N. Y. 52, 56), it is clear that, when it is made with the consent of the proper municipal officers, the rule of liability relaxes its severity and rests upon the ordinary principles governing actions of negligence. The person receiving .the license is held to impliedly agree to perform the act permitted with due care for the safety of the public, and is made liable for any violation of duty in this regard. Village of Port Jarvis v. First National Bank, 96 N. Y. 550, 556; Clifford v. Dam, 81 N. Y. 52; Dickinson v. Mayor, etc., 92 N. Y. 584, 587; Village of Seneca Falls v. Zalinski, 8 Hun (N. Y.) 571, 574; Newton v. Ellis, 85 Eng. C. L. 123. When conditions, whether express or implied, are annexed to the license, substantial compliance therewith is essential to the protection of the licensee, but consent and compliance relieve the owner from the imputation of trespassing in doing the act consented to, and place him in the position of one liable for negligence only. Wolf v. Kilpatrick, 101 N. Y. 146, 4 N. E. 188, 54 Am. Rep. 672; Nolan v. King, 97 N. Y. 565, 49 Am. Rep. 561; Elliot on Roads & Streets, p. 541."

See, also, Tinker v. New York, Ontario & Western Railway Co., 157 N. Y. 312, 319, 51 N. E. 1031.

It was admitted in the action at law that "the construction of this car line had been authorized by the proper authorities, but the manner and means of doing the work were not specified."

The cases relied on by complainant neither sustain his contention nor conflict with the well-settled distinction at common law between trespass, where the injury results directly from an unlawful or wrongful act, or from an act done for a lawful purpose, but in an unlawful manner, and case where the injury results indirectly from negligence in connection with the doing of a lawful or unlawful act. Chitty on Pleadings, 142. Thus, in Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274, chiefly relied on by complainant, the plaintiff's intestate, while traveling on the highway, was struck and killed by a blow from a piece of wood impelled by a blast on defendant's land. It did not appear that defendant had any permit to interfere with the use of the highway, and the action of defendant "was a direct invasion of the rights of the person injured." Here, while the defendant was engaged in doing a lawful act, under general authority from the city of Pawtucket, the plaintiff was injured, not because the obstruction was unlawful, but because the defendant, through its servant, was negligent in failing to give notice of the obstruction. Therefore, if the record showed that the work had not ceased at the time of the accident, and measures had been taken to guard said obstruction, and if the rope was stretched, as the court below finds was conceded on the reargument, the complainant had no cause of action in trespass.

The complainant now denies that he made said concessions. The record fails to show any direct statement that such concessions were made on the rehearing. But it appears from complainant's brief that

he does not now claim that the accident happened south of Mineral Spring avenue, and that he claims that "said record in equity contains the entire minutes of the trial at law," and that the record shows that at said trial the defendant's counsel, under a stipulation that either party might read any of the testimony given in the plaintiff's action against the city of Pawtucket, read the testimony for defendant of one George F. Monroe on said former trial as to the precautions taken by defendant to warn passengers. This testimony is not found in the record, but appears to be printed in full in defendant's brief. That testimony on this point was given appears from defendant's motion "to strike out all the testimony offered on the part of the plaintiff as to the neglect or action of any boy or person that was placed to warn people who were trespassing." We must assume, therefore, that testimony as to the precautions taken was read, and that there was evidence to support the finding of the court below in this regard.

We have thus fully reviewed all the assignments of error, in view of the peculiar hardships to which this complainant appears to have been subjected, assuming the facts to be as claimed by him. But upon a careful study of the entire record we are constrained to the belief that Thain, counsel for plaintiff, by taking the steps herein complained of, exercised a wise judgment in protecting the interests of his client. It would seem, from Judge Wheeler's remarks at the close of the trial, that Thain avoided a direction of a verdict for defendant solely by entering into said stipulation, and that he, by getting the case to the jury on Judge Wheeler's charge, prevented adverse comment on the claimed contradictions in the testimony of plaintiff's son, while he put plaintiff's whole case in the strongest possible shape by the statement of his claim at the close of the case in the following language:

"Plaintiff's counsel claims that the accident occurred at a point where the defendant had no right to be at all, and, as a result of the 'nuisance,' negligence, or no negligence, the plaintiff was injured."

And we are of the opinion, for the reasons stated above, that in no event could said stipulation have been harmful to the complainant, because it could not have injuriously affected his only remaining cause of action in trespass, necessarily based on the claim that by placing the obstruction outside of the authorized line of work defendant created a nuisance. But, even if complainant might have recovered in an action for said trespass, regardless of the place where the rope was stretched, and if the stipulation might, therefore, have been injurious to the complainant, yet the proof utterly fails to support the claim of fraud or collusion. It may be assumed that the question involved was a doubtful one. Counsel in the former cases had proceeded on the theory that the cause of action was one founded on negligence, and evidently counsel in this case feared, as he had good reason to do, that the court might take the same view, and therefore withdraw the case from the jury, and that upon writ of error the appellate court would take the same view we have here taken, that the plaintiff had no cause of action in trespass unless the accident occurred beyond the limits within which the obstruction was authorized. In these circumstances it cannot be said that the mistake of counsel, if it were a mistake, was anything

except an error of judgment, founded, it may well be, upon the hope that, if he could get to the jury, he might secure a favorable verdict upon facts which would appeal strongly to their sympathies.

Under these conditions, and, further, in the absence of proof of any other facts or circumstances tending to show any corrupt agreement made, or any profit derived by counsel as a result of such alleged collusion or fraud, or any reason for such violation by the attorney of his relations to his client and as an officer of the court, the court below would not have been justified in setting aside the judgment in the action at law. We are therefore of the opinion that, in any view of the case, the judgment of the court below was right.

The decree is affirmed, with costs.