### MALDOSKY v. GERMANIA BANK.

(Supreme Court, Appellate Term. February 9, 1911.)

1. MUNICIPAL CORPORATIONS (§ 816*)—TORTS—DEFECTS IN STREETS—ACTION FOR INJURIES—PLEADING.

In an action against an abutting owner for injuries from defects in the cover of a coal hole, where the complaint predicates negligence of the defendant in the management, operation, and control of the sidewalk, and in keeping the coal hole in defective order, and in failing to provide proper warning as to the defective state of the coal hole cover, there is no legal differentiation between the terms "management" "operation," and "control," and any one of them would be sufficient to justify the admission of testimony to sustain a deliquency intended to be charged.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1711–1724; Dec. Dig. § 816.*

For other definitions, see Words and Phrases, vol. 2, pp. 1549–1552; vol. 8, p. 7617; vol. 5, pp. 4317–4319; vol. 8, p. 7714; vol. 6, pp. 4992, 4993.]

2. MUNICIPAL CORPORATIONS (§ 808*)—TORTS—DEFECTS IN STREETS—LIABILITY OF ABUTTING OWNER.

The law does not impose on the owner of property abutting a street the duty to give adequate warning to pedestrians on the instant when a defect occurs, but some length of time, reasonable under the circumstances, must elapse in which the owner should take notice of the defect, before liability for injuries resulting from the defect can be imputed to the owner.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1684–1687, 1690–1694; Dec. Dig. § 808.*]

3. MUNICIPAL CORPORATIONS (§ 819*)—TORTS—DEFECTS IN SIDEWALKS—ACTION FOR INJURIES—EVIDENCE.

In an action for injuries from stepping through a defective coal hole cover in a sidewalk, evidence *held* to show that the defect in the cover was not caused by any neglect of the defendant, and that no sufficient time had elapsed after the cover was broken to enable defendant to learn of it and to take steps to render the sidewalk reasonably safe.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

Appeal from City Court of New York, Special Term.

Action by Bessie Maldosky against the Germania Bank. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Frank V. Johnson (Edward J. Redington, of counsel), for appellant.

Joseph Kleiner, for respondent.

DELANY, J. This action is one for damages for negligence alleged to have caused personal injuries to the plaintiff. The plaintiff while walking along Spring street on the sidewalk in front of defendant's premises stepped upon a coal hole cover which gave way under her weight and one of her legs sank down into the opening. In consequence of this occurrence she sustained the injuries complained of.

The paragraph of the complaint alleging negligence of the defendant predicates such negligence to have been "in the management, operation, and control * * * of the sidewalk, and in keeping this coal hole in defective order, and in failing to provide proper warning as to the defective state of the coal hole cover." In view of the duty which the law imposed on the defendant there cannot be any legal differentiation between the terms "management," "operation," and "control." As used here any one of them would have been sufficient to justify the admission of testimony necessary to sustain the delinquency intended to be charged. Under these terms the substantial charge is that there was lack of care of the sidewalk. The same paragraph continues, "In keeping this coal hole in the sidewalk in defective order, and in failing to provide proper warning as to the defective state of the said cover of coal hole." The statements then in substance aver, first, lack of care in management of the sidewalk in front of premises of defendant; second, maintenance of the coal hole in a defective state; third, failure to provide proper warning of the defective condition of the cover of the coal hole.

Now, taking these three as distinct propositions, an examination of the case shows absolutely nothing in the way of testimony tending to sustain the first and second of them. There is testimony, and that uncontradicted, that the coal hole cover was broken a few minutes before the plaintiff sustained the injuries complained of, by the striking of a metal ash can which had fallen from a cart on which it had been loaded shortly before. The impact of the heavy can broke the cover into several fragments, and as the plaintiff stepped on the cover these fragments were separated, some going through to the cellar beneath, others bounding out on the street. This is the only testimony tending to sustain the third proposition stated above. This proves that the cover was broken, and thereafter the coal hole was unprotected and dangerous, and this is the only testimony showing a defective condition of the coal hole cover. It can only be considered sufficient to sustain this third allegation on the assumption that the law imposes on the defendant the duty of giving adequate warning to pedestrians using the street on the instant when such a defect occurs. But that assumption is not the law. The law cannot impose an impossibility, and such an obligation would be impossible of performance. It is well settled law that some length of time, reasonable under the circumstances, must elapse in which defendant should take notice of the defect before liability for injuries occasioned by the dangerous condition resulting from the defect can be imputed to one in the position of the defendant. McCabe v. Kastens, 10 Misc. Rep. 42, 30 N. Y. Supp. 832, affirmed 11 Misc. Rep. 272, 32 N. Y. Supp. 249; Brady v. Shepard, 42 App. Div. 26, 27, 58 N. Y. Supp. 674; Dougan v. Champlains Transportation Co., 56 N. Y. 8; Henkel v. Murr, 31 Hun, 28. The breaking of the coal hole cover in this case and the accident to the plaintiff occurred in such quick succession as to be all but simultaneous —the sequence of one to the other being separated by but at most a minute or two. Such an occurrence as the breaking of the cover could not have been foreseen by the defendant and could not therefore

have been guarded against. Under this aspect of the case there was no evidence of any neglect of duty on the part of the defendant to give warning to the plaintiff. This allegation was not sustained nor were the others stated, and plaintiff's proof failed. It was error on the part of the learned trial judge to submit the case to the jury.

As to the condition of the coal hole and cover, all the testimony on behalf of the plaintiff is included in these quotations from her own testimony:

"After I had fallen into this coal hole I observed that this hole was a coal hole. Before I fell into the coal hole as I testified this coal hole was covered. As soon as I stepped on the cover it fell to pieces. (Folio 50.) * * * I noticed the lid or cover of this coal hole before I stepped on it; it was covered. It was a round cover. * * * When I was going I noticed the cover was there, and the hole was covered up, and I stepped on it. * * * I did not notice if it was cracked or broken."

There is no other testimony in the plaintiff's case bearing upon the condition of the sidewalk or coal hole or cover.

After denial of his motion to dismiss the complaint, defendant produced one La Porta, an employé of a contractor who removed the ashes daily from the defendant's building. His testimony is uncontroverted. He explains that he left the metal cans on the side of his truck, and one of them fell onto the coal hole-cover and broke it. He immediately recovered the can from the cover, called out to the plaintiff to look out, but "she paid not attention at all, and went right down." (Folio 91.) He had been taking ashes in the same way from that place for a year or so.

Daidis, an engineer in the employ of the defendant, testified that he saw the cover that morning about an hour before the accident. It was not broken then, but was solid in its place. He was in the room beneath the coal hole when the cover broke and a piece of it fell through, and he looked up and saw a girl's foot through. That occurred about 30 seconds after he had heard something strike the plate. He had stepped on the covers every night before this day to see whether they were in place.

Mainhof, a patrolman on duty from 2 a. m. to 8 a. m. on the morning of the accident testified that he had walked over that sidewalk 20 or 25 times that morning, 5 or 6 times after daylight. He observed from visual inspection and by walking over the covers and none of the coal hole covers were cracked or broken.

Cubuzzo, an employé of defendant, took out the ashes that morning less than two hours before the accident. He says he put the lid on the hole thereafter. It was that way before the accident. It had been there, the same lid, for five years.

Cohen, another witness not connected with defendant, saw the ash can fall from the truck, helped plaintiff out of the hole, and he testifies that before she stepped on the cover it was whole.

The testimony on behalf of the defendant is uncontroverted, and it must be taken as establishing conclusively that the cause of the defect in the cover was not due to any neglect of the defendant, and that no sufficient time elapsed after the cover was broken to enable the

defendant to learn of it, and to take steps to render the sidewalk reasonably safe for the use of the public entitled to pass over it.

The motion for a new trial should therefore have been granted.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.