ORNSTEIN v. UNTERMAN.

(Supreme Court, Appellate Term, First Department. June 21, 1916.)

MUNICIPAL CORPORATIONS ⊂⇒817(1)—DEFECTS IN STREETS—NUISANCE—CELLAR DOOR FALLING.

In action for injuries by falling of a cellar door in a cellarway appurtenant to defendant's premises in a public street, negligently permitted to be open and not properly guarded, there being no evidence that defendant opened it, or knew of its being open, or that it was open long enough to charge him with constructive notice, negligence was not sufficiently proved.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1725; Dec. Dig. ⊂⇒817(1).]

Appeal from City Court of New York, Trial Term.

Action by Morris Ornstein, an infant, by his guardian ad litem, against Louis Unterman. From a judgment upon verdict in the City Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GUY, BIJUR, and PHILBIN, JJ.

Amos H. Stephens, of New York City (Edward J. Redington, of New York City, of counsel), for appellant.

Schleider & Schleider, of New York City (Gilbert D. Steiner, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff, an infant of 14 years, sues, by his guardian ad litem, for personal injuries resulting from the falling down—that is, closing—of the iron cover of a cellarway appurtenant to premises of the defendant. The cellarway was in a public street. The learned judge below correctly charged that the long-continued use of this

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cellarway led to the presumption that it had been licensed by the city, and that the question, therefore, to be determined, was whether it had been carefully constructed and carefully maintained—evidently following the language of our decision in Hartman v. Lowenstein, 90 Misc. Rep. 686, 154 N. Y. Supp. 205. He further charged, however, that the negligence claimed against the defendant "is that it permitted one of these doors to be open and not properly guarded," etc.

The point was repeatedly urged by defendant's counsel that, "before defendant could be held responsible, the jury must be satisfied that the defendant had notice that this cellar door was open," and to the refusal to so charge the defendant took due exception. There was no direct proof in the case that the door had been opened by the defendant, and none from which that fact could be inferred. Nor was there any proof that, assuming the door had been opened by some third party, defendant was aware of the fact, or that the condition had existed a sufficient length of time to charge him with constructive notice. While it is quite true that, if any one of the forms of negligence just indicated had been proved as against defendant, the action might still have been maintained as upon nuisance, because the condition thus negligently brought about existed in a public street, nevertheless such negligence must have been proved as in any other case. Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398; Wolf v. Kilpatrick, 101 N. Y. 146, 152, 4 N. E. 188, 54 Am. Rep. 672; Sanford v. White, 150 Fed. 724, 80 C. C. A. 390; Maldosky v. Bank, 127 N. Y. Supp. 292. See, also, Nolan v. King, 97 N. Y. 565, 49 Am. Rep. 561.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.