NELLIE MINERS, Appellant, *v.* MAX AUSFRESSER and HYMAN FIELDER, Respondents.

(Supreme Court, Appellate Term, First Department, October, 1917.)

Negligence — action for personal injuries — evidence — new trial.

> Where plaintiff in an action to recover for personal injuries, based on negligence, testified that while passing along the sidewalk in front of defendant's premises she stepped on something and then fell into the coal-hole and that when she looked the cover was about two feet away, the doctrine of *res ipsa loquitur* applies, and a judgment dismissing the complaint at the close of plaintiff's case will be reversed and a new trial granted.

APPEAL by plaintiff from a judgment of the City Court of the city of New York dismissing the complaint at the close of plaintiff's case, and from an order denying plaintiff's motion for a new trial.

Samuel Jesse Buzzell (Levin L. Brown, of counsel), for appellant.

Amos H. Stephens (LeRoy G. Edwards and Robert B. Cumming, of counsel), for respondents.

BIJUR, J. This action is based on negligence. Plaintiff testified, in substance, that while passing along the sidewalk in front of defendants' premises, she " step-

ped on something '' and then fell into the coal-hole, and that when she looked the cover was about two feet away.

I think that the testimony, while not very clear, was sufficient to indicate that the cover was on the hole when plaintiff stepped on it and that it sprang or was shoved off as a result of her stepping thereon. At all events, were the question important whether the cover was actually on the hole or two feet away when the plaintiff fell into the hole, it should have been submitted to the jury for determination. I do not think, however, that the difference is of any legal significance. It seems to me that the doctrine of *res ipsa loquitur* applies. The cover of the coal-hole is an instrumentality entirely within the control of the defendants both as to its construction and maintenance. If properly constructed and maintained it should be safe. Under these circumstances, on familiar principles, if the cover is not securely fastened or is actually off, these circumstances alone are sufficient to impute negligence to the defendants to the extent at least of calling upon them in the first instance for an explanation. That indeed was actually held in *Kuechenmeister* v. *Brown,* 1 App. Div. 56. There plaintiff testified that she stepped upon the cover of a coal-hole, '' it flew away, and she fell down into the hole as far as her knees;  *  *  *  that the cover was lying by the hole and the hole was all open.''

Although respondents seek to distinguish that case on the point that in the statement of facts it is said that the action '' was sought to be maintained upon two grounds, the maintenance of a nuisance and negligence ''— it is evident beyond a doubt 'from the opinion of Williams, J., that nothing was considered but the question of negligence. The court said: '' It is evident that no accident would have occurred in the

absence of negligence in keeping the cover properly secured. No one would have fallen into the hole so long as the cover was kept in its place by the appliances provided for that purpose. The case may, therefore, be treated purely as one of negligence, and in this view the question of defendant's negligence was clearly for the jury. If the cover was unsecured and out of its place and the plaintiff fell into the hole, as she testified she did, then certainly the defendant may be charged with negligence." See, also, *Scott* v. *Curtis,* 195 N. Y. 424. Even assuming that in the case at bar the evidence was insufficient to entitle the jury to find that the cover was on the hole when the plaintiff stepped on it, I am unable to distinguish between the *prima facie* inference of negligence that may be drawn in a case where the cover is on and one where it is off. In both it is equally evident that if the cover and the appliances to secure it were in order and properly secured the accident could not have happened. Moreover, the case is clearly to be distinguished from those in which the character of the accident and the circumstances attending it point as much to its being the result of interference by an outside force or of a third person as of the negligence of the defendant. See, for example, *Babbage* v. *Powers,* 130 N. Y. 281, in which the accident occurred because of a broken flagstone. Of this it is said in the statement of the case, at page 283: " It did not appear when or how it was broken, nor whether it was defective in any respect, nor was the cause of the accident shown, except as thus stated." It should be further noted that in the *Babbage* case the chief ground of contention was that the defendant was a " trespasser " on a public street by maintaining an authorized vault.

Respondents rely largely upon *Brady* v. *Shepard,* 42 App. Div. 24, and *Ornstein* v. *Unterman,* 159 N. Y.

Supp. 636, decided in this court. We discussed the latter case solely from the standpoint of nuisance upon which the action was predicated. Moreover in that and the *Brady* case a full trial was had, plaintiff undertaking to prove the negligence of the defendant without any appeal to the doctrine of *res ipsa loquitur*. That subject was never suggested and never received any consideration. Indeed, it is clear that there is no room for the discussion or application of the doctrine of presumed negligence in a case where all the facts have been voluntarily disclosed by both sides.

Another case cited by respondents is *Maldosky* v. *Germania Bank,* 127 N. Y. Supp. 292, in which it was shown that the cover of the coal-hole had been broken by a third person a few minutes before the accident, and the court held accordingly that the intervening time was insufficient to afford the defendant an opportunity to learn of it or to impose upon him the obligation to repair it. The case has no relation to the issues in the present case which involves not the question of what evidence may be sufficient when offered on the part of the defendant to discharge him from his *prima facie* obligation, but what evidence on behalf of the plaintiff may be sufficient to raise the implication of negligence in the first instance.

A somewhat similar case cited by respondents (*Martin* v. *Pettit,* 117 N. Y. 118) is similarly without application.

The judgment should, in my opinion, be reversed and a new trial granted, with costs to appellant to abide the event.

PHILBIN and ORDWAY, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.