■ JOHN ESPOSITO, Individually, and as Guardian ad Litem for JOSEPH ESPOSITO, an Infant, Respondent, v. CITY OF NEW ROCHELLE, Defendant, and BENEDETTO MARCIANO et al., Appellants.— In an action by an infant to recover

damages for personal injuries and by his father for medical expenses and loss of services, the appeal is from so much of a judgment of the City Court of New Rochelle, entered on a jury verdict, as is in favor of respondents against appellants. Judgment reversed on the law and the facts, with costs, and complaint dismissed. Appurtenant to premises owned by appellants is an opening in the sidewalk covered by an iron grating. Respondents claim that the infant was injured when he stepped on the grating and it tipped, causing him to fall into the opening below. Although the complaint alleges that the injuries complained of resulted from the maintenance of a nuisance by appellants, as well as from their negligence, the trial court charged, without exception, that respondents were required to prove actual or constructive notice that the grate was defective. The only permissible inference from the proof, if it be assumed that the accident happened in the manner claimed by respondents, is that the grating was displaced from its normal position in the sidewalk when the infant stepped on it. There was no proof that appellants displaced the grating or that they had notice, actual or constructive, that it had been displaced. Neither do we find in the evidence proof of any facts sufficient to sustain a finding that appellants should have anticipated, in the exercise of ordinary care, that the grating would be removed or displaced by anyone. There was no proof of the weight of the grating, which appears from the evidence to be substantially constructed and of considerable weight, and there was evidence, uncontradicted by respondents, which tended to prove that in the 12 years during which appellants had owned the building the grating had never been moved. The evidence was insufficient to establish that the accident was caused by negligence on the part of appellants (cf. *Kirby* v. *Newman*, 239 N. Y. 470; *Martin* v. *Pettit*, 117 N. Y. 118; *Brady* v. *Shepard*, 42 App. Div. 24), and the evidence adduced and the law of the case precluded a recovery on the theory that the condition complained of constituted an absolute nuisance. If the complaint were not being dismissed, we would in any event direct a new trial. It was error, in our opinion, to charge that if the jury found from all the evidence that the grating was in such a condition that it could have been easily lifted by a third party and that this condition had prevailed for some time, they were to consider such facts as notice of a dangerous condition. It would have been for the jury to decide, as a question of fact, if the evidence were sufficient to permit such a determination, whether the condition disclosed by the evidence was dangerous and whether appellants should have anticipated, in the exercise of reasonable care, that some unauthorized person would remove or displace the grating. The charge complained of took these questions from the jury and amounted, practically, to the direction of a verdict. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.