WILLIAM LEE, Respondent, *v.* THE TROY CITIZENS' GAS-LIGHT COMPANY, Appellant.

It is not essential that the complaint in an action for negligence shall allege absence of contributory negligence on the part of plaintiff; such an allegation is substantially involved in the averment that the injury complained of was occasioned by defendant's negligence.

To prove this averment it is necessary, and the burden is upon plaintiff to establish, that his own negligence did not cause or contribute to the injury.

In an action to recover damages for alleged negligence·on the part of defendant, causing the death of plaintiff's horse, plaintiff's evidence tended to show that defendant's employes, in changing a gas-pipe under plaintiff's barn, bent the pipe so that it leaked, and that the horse was killed by the escaping gas. The court declined to charge as requested by defendant's counsel that "if the plaintiff had reason to believe that the gas was escaping, and knew the danger of escaping gas, and left the horse there without providing for the danger, thinking the escape of gas was not sufficient to do any damage, he cannot recover." *Held* no error; that, as matter of law, negligence was not the inevitable and necessary inference from the facts stated, but it was a question for the jury.

(Argued December 17, 1884 ; decided January 20, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 24, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged negligence on the part of defendant, causing the death of a horse belonging to plaintiff. The negligence charged was that defendant's employes, in changing the location of a gas-pipe under plaintiff's barn, bent the pipe so that it leaked, and the escaping gas killed the horse.

The material facts are stated in the opinion.

*Nelson Davenport* for appellant. It is necessary in actions for negligence for plaintiff to allege that he was free from negligence contributing to the injury. (*Allen* v. *Patterson*, 7 N. Y. 478; *Deyo*·v. *N. Y. C. R. R.*, 34 id. 14; *Warner* v. *Same*, 44 id. 465; *Reynolds* v. *Same*, 58 id. 248; *Edgerton* v. *H. R. R. R.*, 35 Barb. 392; *Robinson* v. *N. Y. C. R. R.*, 65 id. 147; *Kundorf* v. *Thalimer*, 12 id. 599.) Objection to jurisdiction of court, or that complaint does not state facts sufficient to constitute a cause of action, not waived by pleading to merits, but may be taken on the trial. (*Mosselman* v. *Poelart*, 34 Barb. 66; *Mont. B'k* v. *Albany B'k*, 7 N. Y. 459.) The

burden of proof to show defendant's negligence is on the plaintiff. (*Yates* v. *People*, 32 N. Y. 509; *King* v. *N. Y. C.*, 72 id. 607; 1 Phil. Ev., chap. 9; *Justice* v. *Lang*, 52 N. Y. 329; *Deyo* v. *N. Y. C.*, 34 id. 15; *Losee* v. *Buchanan*, 51 id. 476; *Reynolds* v. *N. Y. C.*, 58 id. 248.) If there were latent defects in the pipe beyond the foundation wall, the defendant, as successor of such old gas company, is not liable without notice of such defect. (*McCafferty* v. *S. D. & C.*, 61 N. Y. 181; *Metz* v. *B. C.*, etc., 58 id. 61; *Baulec* v. *N. Y. C.*, 59 id. 356.) Only when the established facts are such that an inference or different inferences may fairly be drawn, by a process of reasoning, can such facts be submitted to a jury for that purpose. (*Reynolds* v. *N. Y. C.*, 58 N. Y. 252; *Samman* v. *N. Y. & H.*, 62 id. 255; *Cordell* v. *N. Y. C.*, 75 id. 334; *Pakalinsky* v. *Same*, 82 id. 424; *Hart* v. *H. R. R. R.*, 80 id. 622; *Salter* v. *U. & B. R. R. R.*, 75 id. 273; *S. C.*, 88 id. 43.) The burden of proving negligence on the part of defendant was on the plaintiff, and, as he presented no facts or circumstances consistent with any theory of negligence, he should have been nonsuited. (*Baulec* v. *N. Y. & H.*, 59 N. Y. 356; *Cleveland* v. *N. J. S. Co.*, 68 id. 306.) A person voluntarily in a place of danger is bound to use all his faculties to avoid injury; and if he fail to use them, or using them, disregard the discovered peril and an injury result therefrom, no recovery can be had. (*Salter* v. *U. & B. R. R. R.*, 75 N. Y. 273; *Stackus* v. *N. Y. C.*, 79 id. 468; *Lannen* v. *Albany Gas-light Co.*, 44 id. 459; *Steves* v. *O. R. R.*, 18 id. 422; *Gonzales* v. *N. Y. C.*, 38 id. 440; *Clark* v. *Eighth Ave. R. R.*, 36 id. 135; *Curran* v. *Warren*, id. 153; *Milton* v. *H. R. R.*, 37 id. 210; *Philips* v. *R. & S.*, 49 id. 177; *McCall* v. *N. Y. C.*, 54 id. 642; *Morrison* v. *E. R. Co.*, 56 id. 302; *Gray* v. *Second* .. .. *R. R.*, 65 id. 561; *N. Y. Gas-light Co.* v. *Lanigan*, 71 id. 9; *Mc-Grath* v. *N. Y. C.*, 59 id. 468.) If plaintiff misjudged, or was reckless, or neglected to act, trusting to his own calculations upon the chances of safety, he can have no redress for the injury resulting therefrom. (*Welling* v. *Judge*, 40 Barb.

207; *Belton* v. *Baxter,* 54 N. Y. 247; *Curren* v. *Warren Co.,* 36 id. 153; *Becht* v. *Corbin,* 92 id. 658.)

*R. A. Parmenter* for respondent. It was unnecessary to allege in the complaint that the injury was produced without any negligence on the part of the plaintiff. (*Johnson* v. *H. R. R. R. Co.,* 5 Duer, 21; 20 N. Y. 65; *Haskell* v. *Penn Yan,* 5 Lans. 43; *Hackford* v. *N. Y. C. R. R.,* 6 Lans. 381; 53 N. Y. 654.) When from the circumstances shown, inferences are to be drawn which are not certain and uncontrovertible, and as to which persons might differ, it is for the jury to decide. (*Stackus* v. *N. Y. C. & H. R. R. R. Co*, 79 N. Y. 464; *Hart* v. *H. R. Bridge Co.,* 80 id. 622; *Payne* v. *T. & B. R. R. Co.,* 83 id. 572.) The jury in this case, from the testimony and pipe produced, had a right to draw the inference, as they did, that the injury was occasioned by the negligence and unskillfulness of the defendant's servants in twisting the pipe when the connection was made. (*King* v. *N. Y. C., etc*, 72 N. Y. 607.) A gas company is responsible for any negligence of its servants, not only in respect to its own works, but, also, in respect to all the details of its business. It is, therefore, liable for damage occasioned by such negligence, for any work done by its servants with a view to its benefit, even though such work consists of repairs to property not belonging to the property. (*Brown* v. *N. Y. Gas-light Co.,* Anthon's Nisi Prius [2d ed.], 251; Shearm. & Redf. on Neg., § 341, 410 [3d ed.]; *Lannen* v. *Albany G. L. Co.,* 46 Barb. 264; 44 N. Y. 459.) Where the negligence of the plaintiff is relied upon to defeat the recovery, he must have been guilty of at least ordinary negligence. His failure to take unusual care is no defense to the action. (Shearm. & Redf. on Neg. 35, § 29, [3d ed.]; *Ernst* v. *H. R. R. R.,* 35 N. Y. 9.)

FINCH, J. There was evidence in this case sufficient to carry to the jury the question of fact whether the leak in the gas pipe which occasioned the death of the horse was due to the negligence of the defendant's workman in making the requisite

changes and repairs. The break on the inside of the foundation wall appears to have been occasioned by one of two causes; either by the blow of the falling stone upon the service pipe, or by a forcible twisting of the inner coupling in the process of putting on a new elbow outside of the foundation. Which it was, and whether the workman could and should have discovered the leak and repaired it, were questions upon which there was much contradiction in the proof, and it became the duty of the court to submit the question of fact to the jury.

The other questions argued mainly respected the alleged contributory negligence of the plaintiff. It is first contended that the complaint was insufficient because it nowhere alleged the absence of such contributory negligence. Such separate and direct averment in the pleading was unecessary. (*Hackford* v. *N. Y. C. R. R. Co.*, 6 Lans. 381; affirmed, 53 N. Y. 654.) Substantially that allegation is always involved in the averment that the injury set out was occasioned by the defendant's negligence. To prove that, it is necessary for the plaintiff to show, and the burden is upon him to establish, that his own negligence did not cause or contribute to the injury. (*Hale* v. *Smith*, 78 N. Y. 480.) In the multitude of cases of this general character we know of none which requires of the pleader any independent or explicit allegation that the plaintiff himself was without fault.

But, on the trial, the question of contributory negligence was sharply litigated. The case shows that the judge charged the jury, but omits the charge entirely. We only know that, whatever it was, it evoked no objection or exception from the defendant. It then further appears that the court was requested to charge each of several propositions relating to negligence on the part of the plaintiff; that the learned judge in each instance refused; and thereupon a sufficient exception was taken. These refusals are now urged as grounds for reversal.

Two of the propositions embraced in the requests assume that there was evidence in the case from which the jury might infer that the plaintiff *knew* that gas was escaping, and with

that knowledge omitted natural and necessary precautions. There was no such evidence. Nothing in the case warrants any such possible conclusion. It is entirely clear that the plaintiff did not know that there was a leak, or that gas was escaping after the workmen had finished. The learned judge was right in refusing to present to the jury a question for which there was no foundation in the proof.

The defendant, however, made a similar request, founded not upon actual knowledge, but upon circumstances, which it was claimed should have led the plaintiff to believe that there was a leak from which gas was escaping. What there is of the proof hardly justifies such an inference. The gas pipe had been injured by an accident occurring to the exterior pipe ; gas had been escaping at that point all the afternoon ; the workmen had been notified of the difficulty and were expected to remedy it ; they finished at about six o'clock declaring that their work was done ; an hour or two later the plaintiff closed his barn ; but he and others with him, noticing a smell of gas which led them to look at the meter and occasioned remark. But the fact that there had been a leak and an odor of gas all the afternoon tended to account for the smell of it in the barn, and that, coupled with the fact that skilled workmen had been engaged in repairs, and had finished their work, led naturally to a presumption that the odor perceptible was not due to an undiscovered leak, but to the escape of gas before the repair of the discovered leak. But if there was enough to carry to the jury the question whether plaintiff had reason to believe that gas was escaping, it does not follow that the proposition of law requested to be charged was sound. That proposition was this : "If the plaintiff had reason to believe that the gas was escaping, and knew the danger of escaping gas, and left the horse there without providing for the danger, thinking the escape of gas was not sufficient to do any damage, he cannot recover." As an absolute matter of law that could not properly be said because negligence was not an inevitable and necessary inference. There was some reason to believe that gas was escaping, but balanced and neutralized by other reasons to

the contrary, and the proposition omits any resultant and actual belief. It further assumes that any escape of gas, however slight, which discloses its peculiar odor, is necessarily dangerous and involves negligence if not at once remedied. No proof establishes any such fact. If it be true, it was not proved. It is entirely possible that gas may escape sufficiently to taint the air with its odor, and yet not sufficiently to endanger animal life, so that closing the barn after the workmen left for a single night might not be absolutely and necessarily a negligent act. If the proposition had been that the facts indicated tended to establish negligence, and were to be considered and weighed upon that issue in connection with the other attendant circumstances, it would have been correct, but as an absolute proposition of law it could not properly be charged.

The views thus expressed apply equally to the other requests to charge which were declined. They either assumed facts not established, or made that an absolute matter of law which was in truth a question of fact depending upon all the circumstances of the case. (*Lanigan* v. *N. Y. Gas-light Co.*, 71 N. Y. 30.)

The judgment should be affirmed, with costs.

All concur, except EARL, J., dissenting.

Judgment affirmed.