(8 Misc. Rep. 496.)

## ROE v. CRIMMINS.

(City Court of New York, General Term. May 18, 1894.)

NEGLIGENCE—DIGGING TRENCH IN STREET.

Defendant who dug a trench in a street, and left it unguarded, is liable for injuries sustained by plaintiff, who was pushed into the trench by the surging of a crowd, of which he was one, assembled to hear election returns.

Appeal from trial term.

Action by William Roe against Thomas E. Crimmins. A judgment was entered on a verdict in favor of plaintiff, and defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

C. C. Nadel and T. S. Moore, for appellant.

E. J. Nathan and F. L. Wellman, for respondent.

EHRLICH, C. J. The action was brought by plaintiff to recover damages for personal injuries received November 8, 1892, by falling into a trench which had been dug by the defendant in Park row, near Frankfort street, in the city of New York. At that time the defendant was building the cable for the Third Avenue Railroad Company. November 8, 1892, was presidential election day; and in the evening a large crowd congregated in front of the World building, on Park row, for the purpose of reading the election returns. The plaintiff left his home, at 178 Henry street, shortly before 10 o'clock that evening, walked down to the World building, and formed one of the number congregated there for the purpose stated. He stood in the middle of the street, about 50 feet from the World building, and had been there about half an hour before the accident occurred. The crowd increased while the plaintiff was standing there. The trench was dug between the easterly side of Park row and the westerly car track, and was six feet deep, and about eight feet in width. The crowd, in pushing forward, pushed the plaintiff in the trench. He tried to keep back, but was unable to protect himself. The trench at this point had no protection whatever for about 100 or 150 feet, but above and below this point it was guarded by a wooden fence. When he fell into the trench the plaintiff struck his lips and mouth against an iron pipe which lay in the trench; knocked out three upper teeth, and all but two

under teeth. His lower lip was hanging on his chin. He was conscious; was able to cross over to Chambers Street Hospital, where he was treated by Dr. Stokes. He remained in the hospital over night, and saw the doctor every day for a month, during which time he was unable to work. His speech has been affected by the injury, and he has a scar on his lip, and cannot masticate meat of any kind, but is compelled to eat soft food.

It is settled by a long line of decisions in this state that municipal corporations or persons making excavations in the public streets are bound to keep them in a safe condition for use in the usual mode by travelers, and are liable in a civil action for a special injury resulting from neglect to perform this duty. The defendant was clearly guilty of negligence in leaving the trench unguarded, and the only question is whether the plaintiff, under the circumstances, was guilty of contributory negligence. It was presidential election night, and the plaintiff, following the custom of all good citizens, was watching the returns received, affecting the result of the presidential contest. The purpose was certainly legitimate, if not praiseworthy; and, as such congregations have been permitted for so long a time that the memory of man runneth not to the contrary, we cannot hold that the mere presence of the plaintiff among the number took from him any of the rights necessary for the security of life, or freedom from bodily harm. The surging crowd did not commit any assault upon the plaintiff, nor did it designedly throw him into the trench; and, if it had been guarded as it should have been, he might not have received any injury whatever. It will not do to hold that the plaintiff was necessarily guilty of contributory negligence, for this is a question about which minds might differ, and was therefore one for the jury to determine. The jury, by their verdict, have found that the plaintiff was not guilty of any negligence contributing to the injury, and their finding on this subject is satisfactorily sustained by the facts, and the inferences to be drawn from them. When facts are capable of different inferences, the question must go to the jury for determination; and, unless negligence is the inevitable and necessary inference from the fact, it is a matter for the jury. Lee v. Gaslight Co., 98 N. Y. 115; Greany v. Railroad Co., 101 N. Y. 419, 423, 5 N. E. 425.

The case seems to have been carefully submitted to the jury, and the only exception to the charge, requiring comment, is that at folio 134, in which the judge was requested to charge that, if the plaintiff willfully swore falsely upon any material point, the jury should disregard his entire testimony. The judge charged the request, with the modification that they had the right to disregard the whole of the testimony, or any part thereof. The so-called "modification" did not prejudice the defendant, for the jury were practically told that they might disregard the entire testimony; and adding "or any part thereof" did not, in our judgment, detract from the force of the request. The plaintiff testified to some things about which there was no dispute, and in respect to which he was corroborated; and there was no reason why, in respect to matters not in dispute, the testimony should be dis-

regarded because the plaintiff might in other things have testified falsely. The jury have found his testimony true, and it was hardly a case in which the maxim invoked, without the modification, would have been applicable. We find no error, and the judgment must be affirmed, with costs.