### KLEIN v. BURLESON.

(Supreme Court, Appellate Division, Fourth Department. May 4, 1910.)

1. HIGHWAYS (§ 184*)—AUTOMOBILE ACCIDENT—EVIDENCE.

In an action for injuries to plaintiff in a collision between defendant's automobile and the buggy in which plaintiff was riding, evidence *held* to sustain a finding that defendant's machine actually collided with the buggy.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 472; Dec. Dig. § 184.*]

2. HIGHWAYS (§ 184*)—PRIOR COLLISION—RELEVANCY.

Where, in an action for injuries to plaintiff in a collision between her buggy and defendant's automobile, defendant denied any collision, and showed that an examination of the automobile on the morning after the accident showed no marks thereon, and that the lamps on the front of the machine were not broken or injured, evidence that defendant while driving the machine earlier on the same day had collided with another vehicle was admissible to show that it was possible for an automobile to collide with another vehicle without leaving visible evidence of the fact on the machine itself.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 184.*]

3. NEGLIGENCE (§ 113*)—CONTRIBUTORY NEGLIGENCE—PLEADING.

Where a complaint alleges that the injury sued for was caused by defendant's negligence, a separate and direct averment of the absence of plaintiff's contributory negligence was not required.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 186–193; Dec. Dig. § 113.*]

4. DAMAGES (§ 158*)—PLEADING.

Where the complaint alleged that plaintiff's person had been injured, in that her ribs were broken and that she was bruised and wounded, it was sufficient to authorize evidence of pain and suffering.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–446; Dec. Dig. § 158.*]

Spring and Williams, JJ., dissenting.

Appeal from Trial Term, Allegany County.

Action by Rose Klein against John Burleson. From a judgment on a verdict for plaintiff for $500 damages, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

M. B. Jewell, for appellant.
James A. Parsons, for respondent.

ROBSON, J. Plaintiff about 9 o'clock in the evening of June 16, 1908, while driving with her husband on the highway from Stannard's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Corners to Wellsville, was thrown from their carriage, and received the injuries, for which she has recovered this verdict against defendant.

Appellant urges that the verdict is contrary to and against the weight of the evidence. Under her complaint, as the court charged the jury, she could not recover against defendant unless she established that the vehicle in which she was riding was tipped over, and she was thrown therefrom solely by reason of an actual physical collision of defendant's automobile therewith, due to defendant's negligent management of his conveyance at the time. Plaintiff's proof satisfactorily establishes this fact. Both she and her husband testify that, when they discovered defendant's automobile approaching in front of them, the horse with the buggy, in which they were riding, was turned to the right completely out of the beaten track of the highway, and, while it is true neither of them saw defendant's machine actually collide with the buggy, yet they both say they saw it coming directly toward the buggy and felt the shock of the actual impact, and the buggy was tipped over. The horse was then rearing and plunging, but it did not swerve, or attempt to turn around. The jury were well warranted in finding from this evidence that the automobile struck the buggy and tipped it over. Defendant denied that he collided with any vehicle, though he admits he did drive his automobile from Wellsville to Stannard's Corners that evening at about the time plaintiff was injured. He also says that he did not see any one whom he met having any trouble in controlling his horse or team. Plaintiff gave no proof that the buggy was injured by the collision; and the absence of such proof is, as appellant insists, important, because, if there was a collision of force sufficient to tip the buggy over, it would necessarily have broken that part of the buggy with which the automobile collided. It can hardly be held that this follows as a necessary inference of fact. Defendant also gave proof by himself and another witness, who examined his automobile the morning after the accident, that there were no marks thereon, nor were the lamps on the front of the machine broken or injured. From this we are asked to infer that it was not possible that any collision had occurred. Plaintiff produced testimony on her part that defendant had, while driving his machine earlier the same day, collided with another vehicle. This fact is not directly denied by defendant. If this be true, it would seem that it is possible for an automobile to collide with another vehicle without imprinting visible evidence of the fact on the machine itself.

There was much talk of counsel and various efforts on the part of plaintiff in an attempt to prove previous accidents occasioned by defendant while driving his machine; but none of this testimony seems to have been admitted, except that in relation to the single occasion above referred to. At the request of defendant, the jury was charged that this testimony must be entirely disregarded upon the question of defendant's negligence. The evidence was competent for the single purpose for which it was received. The jury were sufficiently cautioned and instructed to disregard all testimony of general recklessness of defendant in the management of his machine and the remarks of

counsel in reference thereto. All of this had previously been expressly stricken from the record by the court's order. If the somewhat heated discussion indulged in by counsel when this evidence was offered and its admissibility considered by the court may have been calculated to develop what has been described in Scott v. Barker, 129 App. Div. 241, 247, 113 N. Y. Supp. 695, 699, as "an inflated and exaggerated tropical atmosphere," the air was ultimately cleared and nothing remained to obscure the perception, or judgment, of the jury after the court had excluded, as he did, from their consideration the attempts of plaintiff's counsel to introduce objectionable evidence and everything that had been said in that connection.

The denial of defendant's motion to dismiss the complaint, made upon the ground that it does not state facts sufficient to constitute a cause of action, in that it fails to allege that the injury complained of was caused solely by defendant's negligence, or that plaintiff's negligence was not a contributory cause thereof, is now urged upon our attention as error. The complaint alleges the injury was caused by defendant's negligence. A separate and direct averment of the absence of plaintiff's contributory negligence is not required. As stated in Lee v. Troy Citizens' Gaslight Co., 98 N. Y. 115, 119, "substantially that allegation is always involved in the averment that the injury set out was occasioned by defendant's negligence. To prove that, it is necessary for the plaintiff to show, and the burden is upon him to establish, that his own negligence did not cause or contribute to the injury." Bogardus v. Metropolitan Street Railway Co., 62 App. Div. 376, 70 N. Y. Supp. 1094.

The remaining ground upon which we are asked to reverse the judgment is that plaintiff was permitted over defendant's objection and exception to prove that she suffered pain by reason of her injury. There is no direct allegation in the complaint that she suffered pain, or that she became by reason of her injury sick, sore, and disabled, but she does allege that her ribs were broken, and that she was "bruised and wounded." I think this was a sufficient allegation of her injury to permit her to make proof of the pain directly caused by the injury. "When a plaintiff alleges that his person has been injured, and proves the allegation, the law implies damages, and he may recover such as necessarily and immediately flow from the injury (which are called general damages) under a general allegation that damages were sustained." Gumb v. Twenty-Third Street Railway Co., 114 N. Y. 411, 21 N. E. 993. It would not seem to require argument that pain would result necessarily and immediately from having one's ribs broken and one's body otherwise grievously bruised and wounded; and pain is always considered a proper element to be considered in determining actual damages resulting from an injury.

Judgment and order affirmed, with costs. All concur, except SPRING and WILLIAMS, JJ., who dissent upon the ground of inflammatory and improper remarks made by counsel for plaintiff upon the trial.