MOSER v. LEGNITI (two cases).

(Supreme Court, Appellate Term. April 9, 1912.)

1. MUNICIPAL CORPORATIONS (§ 816*)—DEFECTIVE SIDEWALKS—NEGLIGENCE OF ABUTTING OWNER—EVIDENCE.

A plaintiff, suing for injuries by falling into a coal hole on the sidewalk appurtenant to premises of defendant, who shows that she fell into the hole, but who does not show whether the cover was loose or broken, shows facts preventing a dismissal of the complaint on the ground of failure to show defendant's negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1711–1724; Dec. Dig. § 816.*]

2. MUNICIPAL CORPORATIONS (§ 822*)—DEFECTIVE SIDEWALKS—LIABILITY OF ABUTTING OWNER—NEGLIGENCE—INSTRUCTIONS.

An instruction, in an action for injuries to a pedestrian falling into a coal hole on the sidewalk appurtenant to premises of defendant, authorizing a recovery only if the accident happened solely as a result of defendant's negligence, and stating that, unless the pedestrian fell into the hole by reason of defendant's negligence in the construction of the hole or its cover, there could be no recovery, submitted the case on the theory of liability of defendant for negligence, and not for the maintenance of a nuisance, was sufficiently favorable to defendant on the issue of negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1758–1762; Dec. Dig. § 822.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. APPEAL AND ERROR (§ 263*)—QUESTIONS REVIEWABLE—INSTRUCTIONS—EX-
CEPTIONS.
   Where there is no exception to the charge, alleged errors in parts
thereof cannot be considered on appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–
1532; Dec. Dig. § 263.*]

4. MUNICIPAL CORPORATIONS (§ 803*)—DEFECTIVE STREETS—CONTRIBUTORY
NEGLIGENCE OF PEDESTRIANS.
   A pedestrian on a sidewalk may assume the safety of the sidewalk,
and need not give any attention to his steps until in some manner warned
of danger.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1673, 1682; Dec. Dig. § 803.*]

5. MUNICIPAL CORPORATIONS (§ 819*)—DEFECTIVE SIDEWALKS—NEGLIGENCE—
QUESTION FOR JURY.
   Where, in an action for injuries to a pedestrian, who fell into a coal
hole on the sidewalk appurtenant to the premises of defendant, the jury
could, under the evidence, infer either that the coal hole cover was so
loosely secured that the hole was not sufficiently protected, or that the
cover had been negligently replaced after use, leaving the hole as a trap
to passers-by, the negligence of defendant was sufficiently established.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1739–1743; Dec. Dig. § 819.*]

Appeal from City Court of New York, Trial Term.

Actions by Charlotte Moser and by William Moser against Angelo
Legniti. From a judgment for plaintiff, and from an order denying
a new trial, in each action, defendant appeals. Affirmed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Samuel Dickstein, for appellant.

Shapiro & Levy (Aaron W. Levy, of counsel), for respondents.

LEHMAN, J. The plaintiff claims that she was injured by falling
down a coal hole on the sidewalk appurtenant to premises owned and
controlled by the defendant. The complaint is susceptible of interpre-
tation as alleging a cause of action based either on nuisance or neg-
ligence, and the defendant at no time requested any election or ex-
planation of the theory upon which the complaint is based.

[1] The plaintiff produced evidence showing that she fell into the
coal hole, but did not show the cause of her fall; that is, whether the
cover was loose or broken. The defendant moved to dismiss the com-
plaint on the ground that no negligence had been shown, and this mo-
tion was properly denied. Clifford v. Dam, 81 N. Y. 52; Jennings v.
Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459. The
defendant was then permitted to show that the coal hole was in the
same condition for six years; that the cover fitted closely into a frame,
and could not be moved without being pried open with an instrument,
and was unbroken. At the close of the whole case the defendant made
no motion to dismiss, and therefore technically has conceded that
there was a question of fact for the jury, yet he now contends that
the plaintiff has failed to make out a cause of action, either on the
theory of negligence or nuisance, and that in any event the trial justice
erred in submitting the question to the jury on the theory of nuisance.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] There is some question as to whether, in view of the failure of defendant to plead that he was licensed to construct or maintain this coal hole on the public street, the evidence of acquiescence of the city in its maintenance was material, and whether the trial justice would not have been justified in submitting the case to the jury on the theory that the structure was, in or of itself, a nuisance. This question, however, need not be considered by us, because the trial justice did not submit it on that theory.

[3] It is true that the judge's charge is not entirely clear, and in one part is susceptible of interpretation as leaving to the jury only the question whether or not the plaintiff fell into the coal hole; but the charge begins and ends with a plain statement that the jury may find for the plaintiff only if they find that the accident "happened solely as a result of negligence upon the part of this defendant," and "that unless the jury find that the plaintiff Charlotte Moser fell in this coal hole by reason of the negligence of this defendant in the construction of the coal hole or its cover, or in maintaining the coal hole with this cover, there cannot be any recovery." There is no exception to the charge, and alleged errors in parts of the charge cannot be considered now. The general theory of the charge was clearly favorable to the defendant.

[4] The sole question then remaining in the case is whether the finding of the jury that the accident occurred through defendant's negligence is against the weight of evidence. The plaintiff "had a right to assume the safety of the sidewalk, and so was not called upon to give attention to her steps until in some manner warned of her danger." Jennings v. Van Schaick, supra. There can, therefore, be no question as to contributory negligence.

[5] The coal hole cover, according to defendant's witnesses, was unbroken, fitted closely into a circle flush with the sidewalk, and could only be raised by prying it up, and was not secured by a chain because of the difficulty of prying it open. The defendant was obliged to exercise care in the maintenance of the coal hole, and the jury could well infer, from all the testimony, either that the coal hole cover was so loosely secured that the hole was not sufficiently protected, or that the cover had been negligently replaced after use, leaving the hole as a trap to passers-by. In either case the negligence of the owner in control of the premises was sufficiently established.

The judgments should be affirmed, with costs in one action. All concur.