(90 Misc. Rep. 686)

### HARTMAN v. LOWENSTEIN et al.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

1. MUNICIPAL CORPORATIONS &809—OBSTRUCTION IN STREET—PERMIT TO MAINTAIN—EFFECT.

   One maintaining, without permit of a city, an obstruction in a street, maintains an absolute nuisance; but one obtaining a city permit, expressly or impliedly, and complying therewith, is not liable, and to create liability for injury caused by the obstruction it is necessary to show failure to properly construct and maintain the same.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. &809.]

2. MUNICIPAL CORPORATIONS &808—OBSTRUCTION ON SIDEWALK—PERMIT TO MAINTAIN—EFFECT.

   One maintained cellar doors extending into the sidewalk under a permit granted by the city, expressly or impliedly. The wood of the doors was and had been for a long time rotten, and the screws which fastened them had become loose. A pedestrian was injured by stepping on the doors. *Held*, that the doors were a nuisance, authorizing a recovery

on that ground, though to recover it was necessary to show negligent failure to properly maintain the doors.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1684–1687, 1690–1694; Dec. Dig. ☞808.]

3. NEGLIGENCE ☞111, 113—ACTIONS—PLEADINGS.

A complaint in an action for negligence causing personal injury to plaintiff, stepping on wooden doors extending into the sidewalk, must allege that defendant's negligence was the cause of the accident, and that plaintiff was free from contributory negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 182–184, 186–193; Dec. Dig. ☞111, 113.]

4. LANDLORD AND TENANT ☞167—OBSTRUCTION ON SIDEWALK—PERSONS LIABLE.

Where cellar doors, extending into the sidewalk pursuant to a city permit, were in a defective condition at the time one became a tenant of the owner of the premises, and thereafter a pedestrian was injured through stepping on the doors, an action against the owner and the tenant could not be dismissed as to either owner or tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 668–674, 676–679; Dec. Dig. ☞167.]

Appeal from City Court of New York, Trial Term.

Action by Emma Hartman against Jacob Lowenstein and others. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Caldwell & Banister, of New York City (Charles Caldwell, of New York City, of counsel), for appellant.

William Hauser, of New York City, for respondent Lowenstein.

William Butler, of New York City (R. Waldo MacKewan, of New York City, of counsel), for respondents Whittaker and Shaw.

Otto H. Droege, of New York City, for respondent Morowitz.

BIJUR, J.   Plaintiff sued for injuries received through stepping upon the wooden doors which covered the entrance to a stairway leading from the sidewalk to the cellar of premises owned and leased, respectively, by the various defendants.   It seems to be conceded by plaintiff that the cellar doors which extended into the sidewalk had been there for so long a time as to warrant the inference that they were licensed, and as matter of fact the answers of three of the defendants were actually amended by pleading that they existed with the consent of the public authorities of New York and that all the conditions of such authority or permit had been complied with.

The learned court below stated that the dismissal was based on the authority of Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398, which he cited, apparently, for the proposition that, where a permit has been granted, a structure otherwise a nuisance ceases to be so, and liability of the party responsible for it for injury to a passer-by must be based upon negligence.   It must be remembered, though, that Babbage v. Powers was a case in which the accident occurred through the unexplained breaking of a stone in the sidewalk which covered the vault; and the opinion of the court opens with the state-

ment that the plaintiff disclaims any negligence on the part of the defendant. At 130 N. Y. 283, 29 N. E. 132, 14 L. R. A. 398, the statement of facts points out that the cause of the accident was entirely unexplained, and that there was no defect in the stone. It has been repeatedly pointed out that general expressions in an opinion must be read with due regard to the facts disclosed in the case and to the points there at issue. See, particularly, Marshall, J., in Cohens v. Virginia, 6 Wheat. 264, 399, 5 L. Ed. 257, and Martin, J., in Crane v. Bennett, 177 N. Y. 106, 111, 112, 69 N. E. 274, 101 Am. St. Rep. 722.

[1] I do not think that it was ever intended in Babbage v. Powers to hold that a structure otherwise a nuisance ceased to be so merely because a license for its maintenance had been granted. On the contrary, as pointed out in Clifford v. Dam, 81 N. Y. 52, where a person erects or maintains an obstruction in the street without permission of the municipal authorities, it is an *"absolute nuisance."* Where the person chargeable therewith then discloses a license or permit, or · where through maintenance for a long time the existence of a license or permit from the municipal authorities is to be inferred, the case ceases to be one of *absolute* nuisance, and if the party who has constructed it shows that the terms of the permit have been complied with, or where the permit is only an implied one, that the implied terms have been obeyed, namely, that the structure has been carefully constructed and carefully maintained, he is absolved from liability. In this sense, the introduction of the permit, express or implied, changes the action from one on absolute nuisance to one in which the question of defendant's negligence comes into issue; but it does not convert the action into one on negligence. A person who enjoys a permit to excavate or build in the public highway, but who does that work or maintains it in a negligent and dangerous manner commits a nuisance.

This seems to me to be perfectly clear from the entire line of cases in which this subject is considered. Trustees of Canandaigua v. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575; Jorgensen v. Squires, 144 N. Y. 280, 39 N. E. 373; Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193, 5 L. R. A. 449, 12 Am. St. Rep. 778; Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459; Wolf v. Kilpatrick, 101 N. Y. 146, 4 N. E. 188, 54 Am. Rep. 672; Clifford v. Dam, 81 N. Y. 52; McNulty v. Ludwig & Co., 153 App. Div. 206, 213, 138 N. Y. Supp. 84; Uggla v. Brokaw, 117 App. Div. 586, 102 N. Y. Supp. 857; Brown v. Met. S. Ry. Co., 60 App. Div. 184, 70 N. Y. Supp. 40, affirmed 171 N. Y. 699, 64 N. E. 1119. If it were not so, we should have the anomaly that, where a man erects a lawful structure on his own property adjacent to the highway, but erects or maintains it in so negligent a manner that it threatens or causes injury to a passer-by, he maintains a nuisance (McNulty v. Ludwig, 153 App. Div. 206, 138 N. Y. Supp. 84); whereas, if, under a permit, he commits the same act actually upon the highway, it is not a nuisance.

[2] In the case at bar there is ample evidence to sustain a finding that the wood of the doors was and had been for a long time rotten, and that the screws which fastened them had become loose. Under the circumstances, the structure was, by reason of the condition in which it was maintained, a nuisance.

[3] Plaintiff urges that his action could be sustained as for negligence, but as to this point I am quite clear that the pleader intended to set out a cause of action in nuisance, apart from the fact that the complaint would, as one in negligence, be defective for failing to plead either that the plaintiff was free from contributory negligence, or its equivalent, that the defendants' negligence was the cause of the accident. See Lee v. Troy Co., 98 N. Y. 115; Klein v. Burleson, 138 App. Div. 405, 407, 122 N. Y. Supp. 752; Urquhart v. Ogdensburgh, 23 Hun, 75.

[4] Although the point does not seem to have been particularly urged at the trial, it is now claimed that as to some of the defendants at least the dismissal of the complaint was proper. The complaint and the proofs show that the defendants Shaw and Whittaker were the owners of the premises; that defendant Lowenstein was the lessee of part of the premises, including the basement and cellar to which these doors led; and that defendant Morowitz was an undertenant of the same premises under an oral letting from Lowenstein. As there is at least some proof that the doors were in a defective condition at the time of the lease to Lowenstein, I do not see that the record warrants a dismissal as to any of the defendants. See Trustees of Canandaigua v. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575; Ahern v. Steele, 115 N. Y. 203, 209, 22 N. E. 193, 5 L. R. A. 449, 12 Am. St. Rep. 778; Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459; Wolf v. Kilpatrick, 101 N. Y. 146, 4 N. E. 188, 54 Am. Rep. 672; Uggla v. Brokaw, 117 App. Div. 586, 102 N. Y. Supp. 857.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.