POOLE v. PADDELL.

(Supreme Court, Appellate Term, First Department. October 25, 1916.)

1. MUNICIPAL CORPORATIONS ⬦⟹808(3), 817(1)—DEFECTS IN SIDEWALKS—COAL-HOLES—PRESUMPTIONS.

   Where a sidewalk coalhole existed for 24 years, it must be presumed to have been licensed by the city, and its mere existence does not constitute a nuisance.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1684, 1725; Dec. Dig. ⬦⟹808(3), 817(1).]

2. MUNICIPAL CORPORATIONS ⬦⟹808(9)—DEFECTS IN SIDEWALKS—COALHOLES—NOTICE OF DEFECTS.

   If a sidewalk coalhole, constructed with consent of the municipality, is safely built and maintained, any interruption of its safe condition, unless caused by the person in control of the premises, or directly brought to his attention, must have existed for a time sufficient to charge him with notice before he can be held liable for its nonrepair, whether technically in nuisance or merely for negligence.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1693; Dec. Dig. ⬦⟹808(9).]

Appeal from City Court of New York, Trial Term.

Action by Amelia Poole against Timothy F. Paddell. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

William Butler, of New York City (R. Waldo MacKewan, of New York City, of counsel), for appellant.

Rosenblatt & Tachna, of New York City (Max Tachna, of New York City, of counsel), for respondent.

BIJUR, J. The facts in this case are, in substance, that plaintiff, while walking, at about noon, along the southerly sidewalk of West Thirty-First street, in front of premises controlled by the defendant, stepped upon a coalhole cover, one-quarter of which was broken off entirely and missing. From this cause she received personal injuries for which recovery has been had.

[1] Defendant proved, without contradiction, that the coalhole had

existed for over 24 years, and it must be presumed, therefore, to have been licensed by the city. Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459. Consequently its mere existence did not constitute a nuisance. No question was raised as to its original proper construction. There remains, therefore, only the question of its safe and appropriate maintenance. The sole direct evidence on this point is that of a bootblack (who maintained a stand in front of the premises) to the effect that at 6 o'clock in the morning the cover was in perfect condition. At half past 7 he noticed that it was broken and covered it with a box. He did not notify the defendant. His only duty to the defendant seems to have been to sweep the sidewalk. He was engaged in business for himself, and was not an employé of the defendant.

[2] While it might be said that a question was presented for the jury whether the lapse of time between half past 7 in the morning and noon or 1 o'clock was not a sufficient time to warrant the inference of constructive notice to defendant of the defective condition of the cover, this point can hardly be urged here. The only testimony which even inferentially questions the accuracy of the bootblack's testimony is the evidence of the plaintiff that the broken part of the coalhole was "very rusty and ragged," from which it might be inferred that it had existed for some length of time in its broken condition. This point, however, is not even mentioned by respondent's counsel, and I take it that the case was submitted to the jury substantially as one in which there was no conflict of evidence. I have referred to this testimony of the plaintiff only as an item which might lend support to the action of the learned trial judge in refusing to dismiss the complaint at the close of plaintiff's case. But, after the learned court had charged the jury, counsel for defendant asked that the jury be further instructed "that before the plaintiff can recover she must show notice either actual or constructive," which request was refused.

It is quite evident that, if an obstruction in a sidewalk like a coalhole has been constructed and maintained with the consent of the municipal authorities, and safely built and maintained from the beginning, any interruption of its safe condition, unless caused by the person in control of the premises himself, or directly brought to his attention, must have existed for a time sufficient to charge him with notice before he can be held liable for its nonrepair. That is equally true, whether it be sought to hold him technically in nuisance or merely for negligence. See Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398; Hartman v. Lowenstein, 90 Misc. Rep. 686, 154 N. Y. Supp. 205.

In view of the refusal of the judge below to charge as requested by the defendant, which alone requires reversal, other errors in the charge need not be discussed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.