NELLIE MINERS, Plaintiff *v.* MAX AUSFRESSER and HYMAN FIELDER, Defendants.

(City Court of the City of New York, Trial Term, February, 1917.)

Negligence — action for injuries — evidence — trial — pleading — when motion for new trial and to vacate order dismissing complaint denied.

Where in a negligence action for injuries sustained by falling into a coal hole in front of defendants' premises plaintiff testified that as she was passing along the street she stepped on something, felt herself falling, then landed on her right elbow, with her right leg in a coal-hole up to her knee, and that at the same time the cover of the coal-hole, as to the situation of which at any time prior to the accident there was no evidence, flew off and to a distance of about two feet. *Held,* that the

mere happening of the accident raised no presumption of
negligence.

That it was incumbent on plaintiff to show negligence and
either actual or constructive notice to defendants of a prior
dangerous condition of the sidewalk, and a motion for a new
trial and to vacate an order dismissing the complaint at the
close of plaintiff's case will be denied.

MOTION for a new trial and to vacate an order dismissing complaint at the close of plaintiff's case.

Samuel Jesse Buzzell, for plaintiff.

Amos H. Stephens, for defendants.

LA FETRA, J.   This is a motion for a new trial and
to vacate an order dismissing the complaint at the
close of plaintiff's case.   The plaintiff lived in Brooklyn, and in the afternoon of December 9, 1914, on her
way to visit her parents, while passing along Norfolk
street, fell into a coal-hole in front of No. 79 Norfolk
street.   She says she stepped on something, felt herself falling, then landed on her right elbow, with her
right limb in the coal-hole up to her knee.   At the same
time the coal-hole cover flew off and to a distance of
about two feet.   By the election of counsel, and within
the pleadings, the action proceeded as one of negligence and not on the theory that the defendant was
maintaining a nuisance.   The mere happening of this
accident did not raise the presumption of negligence.
It was incumbent upon plaintiff to show negligence
and, in addition, either actual or constructive notice to
the defendants of a prior dangerous condition.   If the
dangerous situation had lasted for a considerable
length of time sufficient to infer a breach of duty in
respect to the public in violation of the permission
granted to obstruct the highway, then the action might

have proceeded under the doctrine of a nuisance. *Hartman* v. *Lowenstein,* 90 Misc. Rep. 686; *Zorn* v. *City of New York,* 85 id. 45; *Jorgensen* v. *Squires,* 144 N. Y. 280; *Tinker* v. *New York, O. & W. R. Co.,* 157 id. 312; *Johnson* v. *City of New York,* 186 id. 139; *Deshong* v. *City of New York,* 176 id. 482, and notes thereon reported in 14 N. Y. Ann. Cas. 159; *Mahoney* v. *City of New York,* 145 App. Div. 884; *City of New York* v. *Hearst,* 142 id. 343, 346, 347. An early case upon the subject was *Clifford* v. *Dam,* 81 N. Y. 52, in which a recovery in favor of plaintiff was sustained on appeal. The obstruction was considered *prima facie* a nuisance, and evidence of the usual permit authorizing the same in the public highway was deemed inadmissible principally because it was not pleaded by way of a defense by the defendant. The obstruction was a coal-hole covered with an iron disc which fitted into a groove, and in front of defendant's premises in the city of New York. The plaintiff in passing stepped upon the disc; it fell off, and he was precipitated into the vault below. Chief Judge Church, in writing the opinion, said: "When permission is given by a municipal authority, to interfere with a street solely for private use and convenience in no way connected with the public use, the person obtaining such permission must see to it that the street is restored to its original safety and usefulness. Whatever the plaintiff is required to prove to establish his cause of action, the defendant may disprove under a general denial. This is the general rule. Applying that rule it is quite clear that the plaintiff was not bound to prove, in the first instance, anything except the existence of a hole in the sidewalk for which the defendants were responsible, and that in passing along the sidewalk he fell into it. It was not even necessary,

in the first instance that he should prove a want of contributory negligence, for the reason that the action is not founded upon negligence, but upon a wrongful act. If there was any justification for the act, it was incumbent upon the defendants to allege and prove it.'' In *Martin* v. *Pettit,* 117 N. Y. 118, the complaint charged the defendant with negligence, the trial proceeded only upon that theory and not upon the claim that defendant was maintaining a nuisance. The plaintiff fell down a flight of steps leading from a street in the city of New York, down an areaway to the cellar below. The steps were protected by an iron grating which was lifted during the rounds of a watchman in charge of the premises and without his knowledge. Judge Gray, in writing the opinion, said: '' The defendant is not to be deemed liable for the consequences to a stranger of the wanton or careless act of some other person, not in his employ. He was shown to have done all that a careful man could have done to guard the approach to the tenant's premises, pending the completion of the permanent doors which he was to furnish. Unless he, or some one for him, had stationed himself, through all the hours, upon the steps, I do not see what more could have been done. The occurrence was one which might as well have happened had the permanent doors been on, and the tenant or his servants had left them open. * * * There is absolutely nothing to show that any more effective device could have been adopted under the circumstances of the case. The closest sifting of the evidence leaves no residuum, out of which the jury could fairly extract any inference of neglect on the defendant's part. This is a case where the law can grant no relief to the plaintiff against the defendant; for the only ground is, in reality, that he is the owner of the premises. In all cases where it is sought to hold

the owner of property liable for injuries, occurring to a stranger on the ground of negligence, there must be evidence in the case that he was guilty of some act of omission, or commission, from which a jury might reasonably infer fault on his part. Nothing less than that will satisfy the demands of the rule of law in such cases. The law is reasonable, and does not demand of an owner of property more than the exercise of ordinary care, with respect to the rights of third persons." In *Babbage* v. *Powers,* 130 N. Y. 281, a vault was covered with flagstones forming the sidewalk of a street in the city of Rochester, and while plaintiff was passing one of these gave way and he fell through into the vault underneath. The vault had been in use for nine years and was constructed and maintained with full knowledge of the city officials. It was held that plaintiff was properly nonsuited; that consent to its construction was to be inferred from the acquiescence of the city officials having charge of the street and power to give such consent; that in the absence of a statute regulating the subject a written consent was not requisite — a verbal one was sufficient. Judge Vann said: "Assuming, however, the rule to be as stated in the *Congreve cases, supra,* when the excavation is made without authority (*Clifford* v. *Dam,* 81 N. Y. 52, 56), it is clear that when it is made with the consent of the proper municipal officers, the rule of liability relaxes its severity and rests upon the ordinary principles governing actions of negligence. The person receiving the license is held to impliedly agree to perform the act permitted with due care for the safety of the public, and is made liable for any violation of duty in this regard." In *Maldosky* v. *Germania Bank,* 127 N. Y. Supp. 292, the uncontradicted testimony showed the coal-hole cover had been broken a few minutes

before the plaintiff sustained the injuries complained of by the striking of a metal ash can, which had fallen from a cart on which it had been loaded shortly before. Thus the cover was broken and became unprotected and dangerous. The court held that the submission of the case to the jury was error, saying: " It can only be considered sufficient to sustain this third allegation on the assumption that the law imposes on the defendant the duty of giving adequate warning to pedestrians using the street on the instant when such a defect occurs. But that assumption is not the law. The law cannot impose an impossibility, and such an obligation would be impossible of performance. It is well settled law that some length of time, reasonable under the circumstances, must elapse in which defendant should take notice of the defect before liability for injuries occasioned by the dangerous condition resulting from the defect can be imputed to one in the position of the defendant." The facts in the case at bar are somewhat parallel to those found in *Ornstein* v. *Unterman,* 159 N. Y. Supp. 636. It was brought to recover for injuries sustained through the falling of a cellar door in a cellarway appurtenant to defendant's premises in a public street, negligently permitted to be open and not properly guarded, there being no evidence that the defendant opened it or knew of its being open, or that it was open long enough to charge him with notice. The court held that negligence was not sufficiently proven, reversed the judgment in favor of plaintiff, and said: " The point was repeatedly urged by defendant's counsel that, ' before defendant could be held responsible, the jury must be satisfied that the defendant had notice that this cellar door was open,' and to the refusal to so charge the defendant took due exception. There was no direct proof in the case that the door had been opened by the defendant, and none

16

City Court of New York, February, 1917.    [Vol. 99.

from which that fact could be inferred. Nor was there any proof that, assuming the door had been opened by some third party, defendant was aware of the fact, or that the condition had existed a sufficient length of time to charge him with constructive notice. While it is quite true that, if any one of the forms of negligence just indicated had been proved as against defendant, the action might still have been maintained as upon nuisance, because the condition thus negligently brought about existed in a public street, nevertheless such negligence must have been proved as in any other case." In *Brady* v. *Shepard,* 42 App. Div. 25, a judgment in favor of plaintiff was reversed on appeal. The facts were more nearly like those in the case at bar, but there it appeared that just prior to the accident a coal company, in no way connected with defendant, had delivered coal to the premises, whereas here evidence is entirely lacking as to the situation at any time prior to plaintiff receiving her fall. The citations relied upon by plaintiff as authority requiring submission of the facts to a jury do not apply. They involve the question of the maintenance of a nuisance, as, for instance, *Moser* v. *Legniti,* 76 Misc. Rep. 216, where the court said: " The plaintiff claims that she was injured by falling down a coal-hole on the sidewalk appurtenant to premises owned and controlled by defendant. The complaint is susceptible of interpretation as alleging a cause of action based either on nuisance or negligence, and the defendant at no time requested any election or explanation of the theory upon which the complaint is based." The motion is denied.

Motion denied.